IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT TATE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-cv-836-SRW |
| | ) | |
| ASSURANT SPECIALTY PROPERTY, | ) | |
| also known as STANDARD GUARANTEE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDOM OPINION AND ORDER[1]

This matter is before the court on plaintiff's motion to remand. (Doc. 1). Assurant

Specialty Property ("Assurant") filed a response to the motion (Doc. 9) and plaintiff replied

(Doc. 10). Upon review of the motion and the record, the court concludes that the motion

is due to be granted.

## LEGAL STANDARDS

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction.

They are 'empowered to hear only those cases within the judicial power of the United

States as defined by Article III of the Constitution,' and which have been entrusted to them

---

[1] All parties appearing in this case have consented to disposition of this matter by the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(c)(1). Furher, for the reasons discussed in *Franklin v. City of Homewood*, 2007 WL 1804411, at *1-4 (N.D. Ala. June 21, 2007) and *Johnson v. Wyeth,* 313 F.Supp.2d 1272, 1273-75 (N.D. Ala. 2004), the undersigned judge concludes that she may dispose of this matter by order, rather than by recommendation. *See also Thomas v. North Carolina,* 2010 WL 2176075, at *6-8 (M.D.N.C. May 21, 2010).

by a jurisdictional grant authorized by Congress." *Griffith v. Wal-Mart Stores East, L.P.*, 884 F. Supp. 2d 1218, 1221 (N.D. Ala. 2012) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). "[B]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* (citing *Univ. of S. Ala.*, 168 F.3d at 411).

The removing party has the burden of establishing subject matter jurisdiction. *Id.* "[B]ecause the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear." *Id.* (quoting *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)). "In fact, removal statutes are to be strictly construed, with all doubts resolved in favor of remand." *Id.* (quoting *Lowe's*, 995 F. Supp. at 1389).

## I. Removal

Removal procedure is governed by 28 U.S.C. § 1446, which "contemplates two ways that a case may be removed based on diversity jurisdiction." *Moore v. Wal-Mart Stores East, L.P.*, No. 2:15-CV-163, 2015 WL 5813164, *4 (M.D. Ala. Oct. 5, 2015) (report and recommendation adopted). "The first way (formerly referred to as 'first paragraph removals') involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings." *Id.* (quoting *Griffith*, 884 F. Supp. 2d at 1223). *See also* 28 U.S.C. § 1446(b)(1) (2012).[2] "The second way (formerly referred to

---

[2] "The Court in *Griffith* explained the 'first paragraph' and 'second paragraph' distinction made throughout case law analyzing this statute. It explained: The now defunct distinction between

as second paragraph removals') contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of 'an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Id.* (quoting *Griffith*, 884 F. Supp. 2d at 1223). *See also* 28 U.S.C. § 1446(b)(3).

## II. Remand

The removal statute "distinguishes between motions to remand made within the first thirty days following removal, and challenges to subject matter jurisdiction brought after that time." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n. 64 (11th Cir. 2007) (citing 28 U.S.C. §1447(c) "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Lowery*, 483 F.3d at 1213 n. 64. "Plaintiffs have only thirty days from the notice of removal to file a motion to remand challenging any procedural defects in the removal." *Id.* "There is only a thirty-day window … for a plaintiff to challenge the propriety of the *removal* itself,

---

'first paragraph' and 'second paragraph' removals is rendered obsolete by a clearer version of the removal statute, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, December 7, 2011, 125 Stat. 758, which added subsections to 28 U.S.C. § 1446(b). The substance of the removal procedure is not affected by the stylistic changes to the statute; therefore, the previous case law discussing 'first paragraph' and 'second paragraph' removals is still applicable despite its outdated terminology … ." *Moore*, 2015 WL 5813164 at *4 n. 3 (internal quotation marks omitted).

whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction." *Id.*

Because plaintiff filed the motion to remand within thirty days of the notice of removal, his challenge in this case is to the propriety of the removal itself. *See* 28 U.S.C. § 1447(c); *Lowery*, 483 F.3d at 1213 n. 64.

## BACKGROUND

Plaintiff first filed this action in state court on June 20, 2016. (Doc. 5-1 at 1). That complaint was never served upon either Assurant or Standard Guarantee Assurance Company ("Standard"). (Doc. 5-2 at 16). Plaintiff filed an identical complaint on September 16, 2016. (Doc. 5-2 at 27). In the second complaint, plaintiff named defendant as "Assurant Specialty Property AKA Standard Guaranty Insurance Company." (Doc. 5-2 at 27). Standard was served with the September 16 complaint on September 20, 2016. (Doc. 5-2 at 38). However, it was Assurant that filed the notice of removal on October 20, 2016. (Doc. 5). In order to establish the requisite amount in controversy, Assurant attached a declarations page from the insurance policy at issue in this case which indicates that the policy coverage limit is $372,000. (Doc. 5-3). The heading of the declarations page indicates that the policy was issued by Standard. (Doc. 5-3). In the notice of removal, Assurant avers that "no other defendants [than Assurant] have been named. Accordingly, there are no other defendants to consent to this removal." (Doc. 5 at 2 (citation omitted)).

Assurant asserts that it has met the requirements for diversity jurisdiction and, therefore, removal is proper. (Doc. 5 at 3). In its answer, Assurant also states that it is the owner of Standard, and that Assurant is a Delaware corporation with its principal place of business in New York. (Doc. 8 at 1). Standard has not appeared in this action.

Plaintiff filed his motion to remand on October 24, 2016. (Doc. 1). In the motion, he objects to the removal itself and the jurisdiction of this court, and requests that the matter be remanded to the state court in which it was filed. (Doc. 1 at 1). Attached to the motion to remand are two "business entity records" from the Alabama Secretary of State's website; one for Assurant (Doc. 1 at 5), and one for Standard (Doc. 1 at 6). According to these records, Assurant, Inc., is incorporated in Delaware and has its principle place of business in New York, New York (Doc. 1 at 5), and Standard Guaranty Insurance Company is incorporated in Delaware with its principle place of business is in Atlanta, Georgia (Doc. 1 at 6). The two businesses are listed as having different entity identification numbers, different formation dates, and different certificate of formation dates. (*Id*. at 5-6.)

Assurant does not contest the validity of these records. On the contrary, it cites these records in its response to the motion to remand in order to demonstrate that the parties are completely diverse. (Doc. 9 at 3). Assurant refers to the records as "the business entity records from the Alabama Secretary of State for both

entities." (Doc. 9 at 3). Assurant's response focuses on asserting that this court has jurisdiction over this matter. (Doc. 9). Plaintiff's reply challenges the propriety of the removal itself. (Doc. 10 at 4).

## DISCUSSION

Section 1446(a) requires that all defendants who have been served must join in the notice of removal. *Lampkin v. Media General, Inc.*, 302 F. Supp. 2d 1293, 1294 (M.D. Ala. 2004) (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326–27 (5th Cir. 1970)).[3] When a plaintiff challenges the propriety of removal, the removing defendant bears the burden to establish that the removal was proper. *Id.* Assurant has failed to carry this burden.

Despite its contrary claim in the notice of removal, Assurant has indicated that there are two defendants in this action. Assurant refers to itself and Standard in the plural as "both entities," (Doc. 9 at 3), and also indicates that Assurant owns Standard. (Doc. 8 at 1). Standard is a properly served defendant (Doc. 5-2 at 38) which issued the insurance policy that is the subject of this case (Doc. 5-3). Therefore, Standard is required to consent to the removal, and it has not done so. Even though Assurant may be the parent company of Standard, it may not consent to removal on Standard's behalf. *See Lampkin*, 302 F. Supp. 2d at 1294 ("a parent corporation cannot consent to removal on behalf of its

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

subsidiary; a subsidiary is still a separate defendant, and unanimity of defendants is required for removal." Because "§ 1446 is to be construed strictly … there is no such thing as implied joinder or consent.  Instead, an official, affirmative and unambiguous joinder or consent to the notice of removal is required." *Id.* (internal citation, quotation marks, and alterations omitted). Standard has not filed and Assurant has not produced such an unambiguous statement of consent in this matter.

## CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's motion to remand (Doc. 1) is GRANTED, and this case is hereby REMANDED to the Circuit Court of Montgomery County, Alabama.

The Clerk of the Court is DIRECTED to take the steps necessary to effectuate the remand.

DONE, on this the 24th day of May, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge